UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X  NOT FOR PUBLICATION
LUIS ALBERTO ALADINO,

                Petitioner,

                                                           **MEMORANDUM & ORDER**
   -against-                                            09-cv-926 (CBA)

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------X
AMON, Chief United States District Judge:

       In a motion dated October 27, 2008, Luis Alberto Aladino ("Aladino") filed a motion requesting authorization to appeal his convictions and sentence, which were imposed following his guilty plea to charges in three different indictments (case numbers 05-cr-519, 06-cr-87, and 06-cr-467). After giving notice to Aladino, and upon his consent, the Court construed his motion as a petition for relief pursuant to 28 U.S.C. § 2255 and set a schedule which allowed Aladino to supplement his motion and the government to respond.

       One of Aladino's claims asserts ineffective assistance of counsel based on Aladino's allegation that beginning on the day after his sentencing, he repeatedly asked his attorney to file an appeal on his behalf, but counsel failed to do so. The government agrees that this allegation, if true, would meet the standards of ineffective assistance, and Aladino would be newly entitled to a direct appeal without any showing that his claims on appeal would have merit. See Campusano v. United States, 442 F.3d 770 (2d Cir. 2006). This conclusion holds true notwithstanding the fact that Aladino's plea agreement contained an appeal waiver. As the Second Circuit has squarely held:

> [E]ven after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When counsel fails to do so, we will presume prejudice, as required by Roe v. Flores–Ortega, 528 U.S. 470, 120 S.Ct. 1029,

>145 L.Ed.2d 985 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit.

Campusano, 442 F.3d at 771-72.

Campusano directs that, when faced with such a claim in a § 2255 petition, a district court should hold a hearing to determine the issue of whether the client in fact requested the appeal. Id. at 776. "[T]he district court has discretion to determine if a testimonial hearing will be conducted," id., or if the matter can be resolved by "expand[ing] the record" and deciding on the basis of documentary submissions, Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001). In the latter scenario, the record is properly supplemented with a "detailed affidavit from trial counsel" describing the circumstances surrounding the decision not to file an appeal. Id. Courts in this district have repeatedly reviewed these types of ineffective assistance claims without an evidentiary hearing, but rather on the basis of the petitioner's submissions and an affidavit from the trial attorney. See United States v. Williams, 2009 WL 1162382, at *3; Riggi v. United States, 2007 WL 2245595, at *9 (S.D.N.Y. 2009) (collecting cases). Thus, given that Aladino has already made repeated assertions concerning his counsel's failure to file an appeal, and has submitted his own affidavit describing the relevant communications with his counsel (see Pet. Reply, Feb. 4, 2010, Ex. 2), the Court believes that an appropriate next step for addressing the issue is to obtain a similar affidavit from Aladino's trial counsel, Paul J. Madden, and to determine whether the matter can be adequately resolved on the basis of those submissions.

At the time of filing its opposition memorandum, the Government had already requested an affidavit from Madden, although Madden had been granted an extension of time in which to file it. Since then, Madden has written to inform that Court that he has corresponded with Aladino regarding a waiver of the attorney-client privilege, but that Aladino has indicated that he will not waive privilege. Madden stated that he would submit the necessary affidavit in response

-2-

to Aladino's allegations if the Court ordered him to do so. (Docket entry # 15.) Aladino has also written to the Court indicating that he opposes any suggestion that he waive the attorney-client privilege. (Docket entry # 10.)

Aladino will not be permitted to offer a claim that his counsel ignored his requests to file an appeal, while simultaneously invoking privilege to prevent his counsel from contradicting Aladino's version of the relevant events. "[T]he attorney-client privilege cannot at once be used as a shield and a sword. . . . Thus, the privilege may implicitly be waived when [the client] asserts a claim that in fairness requires examination of protected communications." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). Put another way, a court may find an implied waiver when the client "relies on the privileged communication as a claim or defense or as an element of a claim or defense." In re Erie County, 546 F.3d 222, 228 (2d Cir. 2008). In cases where a habeas petitioner alleges ineffective assistance of counsel, courts routinely find that the petitioner "puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." United States v. Marks, 764 F. Supp. 2d 585, 586-87 (W.D.N.Y. 2011) (quoting United States v. Pinson, 584 F.3d 972, 97-78 (10th Cir. 2009)); see also In re Lott, 424 F.3d 446, 453 (6th Cir.2005); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.2003) (en banc); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir.2001); Giordano v. United States, 2011 WL 1831578, at *2 (D. Conn. 2011); Overbaugh v. United States, 483 F. Supp. 2d 223, 225 (N.D.N.Y. 2007). Indeed, the Second Circuit has indicated that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998).

The implied privilege waiver should only extend, however, "to confidential information that is needed to defend against the prisoner's specific claims." <u>Giordano</u>, 2011 WL 1831578, at *3.

The Court has no difficulty concluding that inherent in Aladino's claim that his counsel was ineffective in failing to file a requested appeal is an implicit waiver of the attorney-client privilege with respect to the communications that took place regarding an appeal. Aladino himself has already submitted an affidavit summarizing the alleged communications at issue, and has submitted a letter that he claims he mailed to Madden that references the appeal issue. (Pet. Reply, Ex. 2-3.) Fairness clearly requires that Madden be allowed to offer an affidavit containing his own version of those events.

Although the issue of the direct appeal should be resolved before all else, the Court observes that the remainder of Aladino's petition asserts various other claims of ineffective assistance of counsel, many of which are premised on attorney-client communications. Based on the reasoning above, the Court likewise concludes that these allegations are accompanied by an implied waiver of the attorney-client privilege that would allow Madden to respond with his own account of the relevant communications and events. <u>Specifically</u>, the Court believes that Madden, in his affidavit, should be allowed to respond to the following allegations: (1) that he deceived Aladino into making false and inculpatory representations (in his plea agreement, allocution, and sentencing) concerning his involvement in the three charged conspiracies; (2) pressured Aladino into signing a plea agreement through promises of a 5K letter or a Rule 35 motion; (3) instructed Aladino to give false and rehearsed answers to the Court's questioning during his plea allocution and sentencing; and (4) failed, despite Aladino's urging, to file any motions based on alleged illegality in Aladino's arrest and detention in the Dominican Republic and his transfer to the United States. (<u>See</u> Pet. Supplement at 7- 9 and Ex. 6; Pet. Reply at 5, 15,

16, 18 and Ex. 2-3.) Again, the Court emphasizes that this privilege waiver is not unlimited or absolute, but only extends to those protected communications that Madden must, by necessity, divulge in order to rebut Aladino's specific allegations that rely on privileged matters. The Court believes Madden to be fully capable of limiting his disclosures to only those communications that are necessary to address the above claims.

Accordingly, based on the Court's conclusion that Aladino has implicitly waived the attorney-client privilege with respect to the communications impacted by his claims, Paul J. Madden is hereby ordered to submit to this Court, within 30 days, an affidavit responding to Aladino's allegations concerning the direct appeal and the other matters listed above.

SO ORDERED.

                                                /s/
                                      Carol Bagley Amon
                                      Chief United States District Judge

Dated: Brooklyn, New York
       December 8 , 2011